**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
-BROWNSVILLE DIVISION-**

| | | |
|---|---|---|
| GENARO ESPARZA GONZALEZ, | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | CRIMINAL ACTION NO. B-04-369 |
| | § | CIVIL ACTION NO. B-05-049 |
| UNITED STATES OF AMERICA | § | |
| Respondent. | § | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Pending before the Court is a Motion for Reduction of Sentence (Docket No. 1), filed by Petitioner, Genaro Esparza Gonzalez ("Petitioner"), characterized and docketed as a Motion to Vacate or Set Aside Sentence under 28 U.S.C. § 2255.[1]  For the reasons stated below, it is recommended that Petitioner's motion be denied.

### I. Procedural Background

On May 26, 2004, Petitioner plead guilty to a violation of 8 U.S.C. § 1326(a) and (b) for being an alien who was unlawfully found in the United States having previously been convicted of an aggravated felony, for which he was deported.[2]  Petitioner entered into a written plea agreement with the Government.[3]  On September 10, 2004, Petitioner was sentenced to thirty-seven (37) months imprisonment.  The judgment was entered on October 12, 2004.  Petitioner filed a Motion for Reduction of Sentence on December 20, 2004 (Criminal Docket No. 18).[4]  It

---

[1] The title of Petitioner's motion is a "Motion for Reduction of Sentence." This motion was originally filed in the underlying criminal case, but was unexplainably docketed approximately two months later as a Motion to Vacate in the instant civil case.

[2] *United States v. Esparza Gonzalez,* Criminal Case No. B-04-369, Docket No. 6.

[3] *Id.*, Docket No. 7.

[4] It appears from the docket sheet that this motion was not ruled upon.

appears that this motion was subsequently treated as a Motion to Vacate under 28 U.S.C. § 2255, and was opened as a civil case approximately two months later on February 14, 2005, Civil Action No. B-05-049 (Docket No. 1).  Petitioner then filed two Notices of Appeal (Criminal Docket No. 17, filed December 20, 2004, Appeal No. 05-4001; and Criminal Docket No. 24, filed January 24, 2005, Appeal No. 05-40334).  Both were dismissed by the Fifth Circuit as untimely (Criminal Docket No.'s 22 and 31 respectively).

Proceeding *pro se* and *in forma pauperis*, Petitioner filed a Motion to Vacate pursuant to 28 U.S.C. § 2255 on May 24, 2005 (Criminal Docket No. 34) assigned Civil Action No. B-05-167 (Docket No. 1).  In the motion to vacate, Petitioner challenged his illegal re-entry conviction in Criminal Case No. B-04-CR-369, claiming that his sentence was unconstitutionally enhanced. The case was referred to Magistrate Judge John Wm. Black who recommended that the motion be denied on the merits and the case dismissed in its entirety on August 3, 2005.  District Judge Andrew S. Hanen signed an order adopting the Magistrate's Report and Recommendation on August 30, 2005.

Pending before the Court, is Petitioner's Motion for Reduction of Sentence (Criminal Docket No.18) which for reasons not clear, was filed as a Motion to Vacate in Civil Action B-05-049 (i.e. Docket No. 1 in the instant case).  The Government filed a Motion to Dismiss on May 31, 2006 (Civil Docket No. 5) arguing that Petitioner's motion should be dismissed as successive, although the Government admits that the filing date in B-05-049 pre-dates the filing date in B-05-167, which has already been adjudicated.

## II.  Legal Analysis

### A.  Absence of Constitutional Claims under § 2255

Petitioner, in the instant motion, makes the following argument. "I would like [for the] judge [to reconsider] and grant me [a] reduction of sentence or reduc[e] the sentence in accordance with the Sentencing Commission's guidelines and polic[y] statements."[5] Petitioner appears to be arguing for a sentence reduction and raises a sentencing issue.

Reviewing convictions under section 2255 is ordinarily limited to questions of constitutional or jurisdictional magnitude, which may not be raised for the first time on collateral review without showing of cause and prejudice. *See United States Cervantes*, 132 F.3d 1106, 1109 (5th Cir. 1998). A criminal defendant seeking relief from his conviction or sentence in a motion pursuant to 28 U.S.C. § 2255 must therefore establish one of the following: (1) his sentence was imposed in violation of the Constitution or laws of the United States; (2) the sentencing court lacked jurisdiction to impose the sentence; (3) the sentence imposed exceeded the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack. *See United States v. Seyfert*, 67 F.3d 544, 546 (5th Cir.1995).

It is obvious from the plain language of Petitioner's request for relief, that he has failed to make a any cognizable claim under § 2255.

### B. Second or Successive Motions

In order to successfully attack the legality of a conviction and sentence through the filing of a successive motion, the Petitioner must first secure a certificate from the Fifth Circuit Court of Appeals before the Court can entertain the motion. In relevant part section § 2255 provides:

> "A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain -

---

[5]*Esparza Gonzalez v. United States,* Civil Action B-05-049, Docket No. 1, p.1-2.

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable."
> 28 U.S.C. § 2255 (2005).

Section 2244 provides in relevant part:

> "(A) Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.
> (B) A motion in the court of appeals for an order authorizing the district court to consider a second or successive application shall be determined by a three-judge panel of the court of appeals.
> (C) The court of appeals may authorize the filing of a second or successive application only if it determines that the application makes a prima facie showing that the application satisfies the requirements of this subsection.
> (D) The court of appeals shall grant or deny the authorization to file a second or successive application not later than 30 days after the filing of the motion.
> (E) The grant or denial of an authorization by a court of appeals to file a second or successive application shall not be appealable and shall not be the subject of a petition for rehearing or for a writ of certiorari."  28 U.S.C. § 2244(b)(3) (2005).

In *Stewart v. Martinez-Villareal*, 523 U.S. 637, 118 S.Ct. 1618, 140 L.Ed.2d 849 (1998), the Supreme Court held that a motion is not "second or successive" merely because it is numerically a second (or subsequent) motion. The Court noted that "restrictions on successive petitions constitute a modified res judicata rule, a restraint on what used to be called in habeas corpus practice abuse of the writ. *Id*. A subsequent motion is "second or successive" when it: (1) raises a claim challenging the petitioner's conviction or sentence that was or could have been raised in an earlier petition; or (2) otherwise constitutes an abuse of the writ. *In re Cain*, 137 F.3d 234, 235 (5th Cir.1998) (per curiam).

The Government contends that the instant § 2255 motion challenges the same conviction previously challenged by Petitioner in Civil Action B-05-167, which was adjudicated and dismissed on the merits, and is therefore successive. A review of the record reveals that Petitioner has not obtained the requisite certification from a panel of the Fifth Circuit for permission to present a successive motion.

It is questionable whether Petitioner's instant motion is successive under Supreme Court and Fifth Circuit precedent. First, the instant motion was filed before the motion in B-05-167, and second, it does not raise any of the same constitutional claims. In fact, as noted above, the instant motion raises no claims cognizable under § 2255. It is on this second point, that the Court recommends dismissal.

### III. Evidentiary Hearing

In the instant case, the record is clearly adequate to dispose fairly of Petitioner's allegations. Nothing in § 2255 requires direct evidence before a court can forego a hearing. *United States v. Drummond*, 910 F.2d 284, 285 (5th Cir. 1990). Section 2255 permits the district court to dispense with a hearing if the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief. *Id.* As such, an evidentiary hearing is unnecessary. *United States v. Smith*, 915 F.2d 959, 964 (5th Cir. 1990). If it appears that an evidentiary hearing is not required, the judge shall make such disposition of the motion as justice dictates. Rule 8(a), 28 U.S.C. foll. § 2255.

### IV. Recommendation

A thorough review of all files, records, and correspondence relating to the judgment being challenged conclusively shows that Petitioner is not entitled to the relief sought. Therefore, an order for summary dismissal with prejudice pursuant to *Rule 4(b) of the Rules Governing Section 2255*

*Proceedings* is appropriate.   Rule 4(b), 28 U.S.C. foll. § 2255. *See United States v. Santora*, 711 F.2d 41, 42 (5th Cir. 1983).

**IT IS RECOMMENDED** that the Petitioner's Motion for Reduction of Sentence / Motion to Vacate (Docket No. 1) be **DENIED**, and the case **DISMISSED.**

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Services Automobile Association,* 79 F.3d 1415 (5th Cir. 1996).

DONE at Brownsville, Texas, this 2nd day of June 2006.

_____
John Wm. Black
United States Magistrate Judge